# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

04 11539 JLT

WALTER STICKLE, ANTHONY CALIENDO, JOHN PITINGOLO and DANIEL FISHER,
 Plaintiffs

v.

ARTHUR ORFANOS,
 Defendant

MAGISTRATE JUDGE Alexander

**COMPLAINT**

RECEIPT #_____
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1___
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK_TOM_
DATE 7/9/04

## PARTIES

1. Plaintiff Walter Stickle (hereinafter "Stickle") is an individual who resides in North Reading, Massachusetts.

2. Plaintiff Anthony Caliendo (hereinafter "Caliendo") is an individual who resides in Billerica, Massachusetts.

3. Plaintiff John Pitingolo (hereinafter "Pitingolo") is an individual who resides in Arlington, Massachusetts.

4. Plaintiff Daniel Fisher (hereinafter "Fisher") is an individual who resides in Plymouth, Massachusetts.

5. The defendant, Arthur Orfanos (hereinafter "Orfanos"), is an individual who, upon information and belief, currently resides at 54 Egerton Road, Arlington, Massachusetts 02474.

## JURISDICTION

6. Jurisdiction is vested in this Court by virtue of the presence of federal questions pursuant to 28 U.S.C., § 1331. The Court has supplemental jurisdiction over the plaintiffs' state-law claims pursuant to 28 U.S.C., § 1367. These state-law

claims arise from the same operative facts as the federal claims, and are so closely related to them that together they comprise the entire claim or controversy presented herein.

## FACTS

7.   In early 2000, plaintiff Caliendo and Orfanos were co-owners of a band called "The Mood." By early 2001, plaintiffs Stickle, Pitingolo and Fisher had joined The Mood as band members.

8.   By May 2001, The Mood began operating under the name "The Pink Floyd Experience," although it had not yet performed under that new name.

9.   Also in May 2001, some of the band members were not satisfied with either of the names the band had been using and, as a result, the band members discussed renaming the band.

10.   Plaintiff Pitingolo had the idea of calling the band "Pink Void." The plaintiffs all agreed to the suggestion, but had the further idea of a spelling change to "Pink Voyd."

11.   Orfanos told the plaintiffs that he did not like the name "Pink Voyd." He refused to change the name of the band, insisting that it operate under the name "The Pink Floyd Experience."

12.   During this time, Orfanos had become increasingly argumentative and difficult. He arrived late to rehearsals and left early, refused to practice, and made it difficult for the band to work and perform.

13.   On June 1, 2001, the eve of the band's only performance as The Pink Floyd Experience, Orfanos called the plaintiffs and told them that he did not want to participate in the show. The defendant also called the venue to cancel the performance.

14. Although Orfanos reluctantly agreed to perform on June 2, 2001, he was difficult to work with and his performance was poor. The plaintiffs decided that they did not want to work with Orfanos again.

15. After the June 2, 2001 performance, Stickle left The Pink Floyd Experience. Shortly thereafter, the other plaintiffs left the band and The Pink Floyd Experience broke up.

16. Over the course of the next month, the plaintiffs began discussions about forming a new band called "Pink Voyd," which would not include the defendant. By July of 2001, the plaintiffs had formed a new band under the name "Pink Voyd" and began rehearsing.

17. When Orfanos learned that the plaintiffs had formed Pink Voyd he became very angry, and began placing irate phone calls and messages to them.

18. The plaintiffs then discovered that Orfanos had registered the domain name "www.pinkvoyd.com." Orfanos also registered the user names "pink v0yd" and "plnkvoyd" with America Online and the domain names "www.pinkv0yd.com," "www.pinkvoyd.net" and "www.pinkvoyd.us."

19. After lengthy discussions, Orfanos transferred the name "Pink Voyd" and the domain name "www.pinkvoyd.com" to the plaintiffs.

20. The plaintiffs have been continuously practicing or performing as the band Pink Voyd since June 2001. Since November 2001, the plaintiffs have maintained and operated a Web site at www.pinkvoyd.com, advertising their band, Pink Voyd, and their performances.

21. The plaintiffs' first concert as Pink Voyd was on April 27, 2002. Since that time, the plaintiffs have continuously performed under the name "Pink Voyd," and have performed as Pink Voyd in over 20 concerts in both Massachusetts and New Hampshire. The plaintiffs continue to perform as Pink Voyd, and currently have a

concert scheduled at the Chevalier Theatre in Medford, Massachusetts, on July 17, 2004.

22.   Shortly after the first Pink Voyd concert, the plaintiffs discovered that Orfanos was using the usernames "pinkv0yd" and "plnkvoyd" and the Web sites "www.pinkvoyd.net" and "www.pinkvoyd.us," and other derivatives of the name, to pretend that he is Pink Voyd and publish false, misleading, and damaging statements to fans, venue owners, and other people in the music industry.

23.   Mr. Orfanos published these statements maliciously and intentionally to cause harm to the plaintiffs and Pink Voyd, and damage their business relationships.

24.   Orfanos also has contacted, and continues to contact, various venue owners, ticket vendors, and other individuals in the music industry, in an effort to discredit the plaintiffs and have our concerts cancelled.  He has falsely informed, and continues to inform, these individuals and companies that he owns, or is a part of, the band Pink Voyd.

25.   Orfanos, however, has never used the name "Pink Voyd" in connection with the performance of music or concerts.  He has never played in a band performing as Pink Voyd.

## COUNT I - INJUNCTIVE RELIEF

26.   The plaintiffs restate, reassert and incorporate by reference the allegations contained in paragraphs 1 through 25 of their Complaint as if specifically set forth herein.

27.   The defendant's conduct amounts to willful and purposeful tortious interference with the plaintiffs' business relations, a violation of the Lanham Act, 15 U.S.C., § 1051 et. seq., wrongful product disparagement, unfair competition, and a violation of M.G.L. c. 93A, and the Massachusetts Protection of Trademarks Act, and

said conduct has caused, and continues to cause, irreparable harm and damage to the plaintiffs.

28. Where the plaintiffs have a likelihood of injury to their business reputation, and the dilution of the distinctive quality of their mark or trade name valid at common law, they are entitled to injunctive relief pursuant to M.G.L. c. 110B, §12.

WHEREFORE, the plaintiffs request that this Court:

1. Issue a short order of notice and schedule a hearing to rule on Count I of this Complaint;

2. Issue an order, until such time as a permanent injunction issues, enjoining the defendant from the following conduct:

   a. using the name "Pink Voyd," or any similar combination, in connection with the business of musical entertainment;

   b. operating a Web site at the domain names "www.pinkvoyd.us," "www.pinkvoyd.net," or any similar combination;

   c. registering, or attempting to register, any domain name which includes the words "Pink" and "Voyd" in any combination or with any other words, symbols or numbers;

   d. registering, or attempting to register, any domain name which appears similar to, or contains similarities to, "www.pinkvoyd.com";

   e. contacting the Chevalier Theatre in Medford, Massachusetts, its owners, operators or representatives, or the Town of Medford and any of its representatives, in any manner regarding the plaintiffs, Pink Voyd or the upcoming Pink Voyd concert of the plaintiffs on July 17, 2004;

   f. contacting Strawberries, its owners, operators and employees in any manner regarding the plaintiffs, Pink Voyd or ticket sales for any Pink Voyd concerts, including the upcoming Pink Voyd concert of the plaintiffs on July 17, 2004;

   g. contacting WZLX 100.7 FM, its owners, operators and employees in any manner regarding the plaintiffs, Pink Voyd or Pink Voyd concerts, including the upcoming Pink Voyd concert of the plaintiffs on July 17, 2004;

   h. contacting any future Pink Voyd performance venues, Pink Voyd performance vendors, Pink Voyd ticketing agents, Pink Voyd performance sponsors, and advertisers of Pink Voyd

performances, or other people in the music industry, regarding the plaintiffs or Pink Voyd.

3. Order the defendant to pay the plaintiffs reasonable attorneys' fees and costs incurred in bringing this action, as well as all damages sustained by the plaintiffs as a result of the defendant's wrongful conduct; and

4. Grant such other and further relief as this Court deems just.

### COUNT II - VIOLATION OF THE LANHAM ACT, 15 U.S.C., § 1051, et. seq.

29. The plaintiffs restate, reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 of their Complaint as if specifically set forth herein.

30. The defendant, in his actions, has made false or misleading designations of origin, and representations of fact, in violation of the Lanham Act, 15 U.S.C., § 1125.

31. The defendant's false designations and representations have caused, and are likely to cause, confusion, mistake and deception as to the defendant's affiliation, connection or association with the product and commercial activities of the plaintiffs.

32. The defendant has further wrongfully, and with bad faith intent, sought to profit from personal names, marks and domain names that are identical, confusingly similar, or dilutive, of distinctive personal names, marks and domain names of the plaintiffs.

33. The defendant has wrongfully and in bad faith registered and used domain names which are confusingly similar to the plaintiffs' marks and domain name.

34. The defendant has intended to cause, and has in fact caused, consumers to divert from the plaintiffs' online location to confusingly similar sites, and has

6

thereby harmed the plaintiffs' goodwill, and has intentionally tarnished or disparaged the plaintiffs' reputation.

35. The defendant's conduct has been willful and intentional, and violates the provisions of 15 U.S.C., § 1125.

36. The defendant has made false or fraudulent declarations and representations in violation of 15 U.S.C., § 1120.

37. The foregoing violations of the defendant have been, and continue to be, deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C., § 1117.

38. WHEREFORE, the plaintiffs are entitled to a permanent injunction against the defendant, as well as all other remedies available under the Lanham Act, including but not limited to compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT II - PRODUCT DISPARAGEMENT

39. The plaintiffs restate, reassert and incorporate by reference the allegations contained in paragraphs 1 through 38 of their Complaint as if specifically set forth herein.

40. The musical group Pink Voyd and its performances, advertising and related content is a product owned, created and used by the plaintiffs.

41. The defendant has with intent and malice, published, and he continues to so publish, false statements of material fact regarding Pink Voyd with the knowledge that these statements are false or with reckless disregard of their falsity.

42. The defendant's conduct has disparaged the plaintiffs' product, injured the reputation of Pink Voyd, and otherwise caused damage and pecuniary loss to the plaintiffs.

WHEREFORE, the plaintiffs demand that judgment enter against the defendant, and that they be awarded damages together with interest, attorneys' fees, costs, and any other relief which this Court deems just and proper.

### COUNT III - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

43. The plaintiffs restate, reassert and incorporate by reference the allegations contained in paragraphs 1 through 42 of their Complaint as if specifically set forth herein.

44. The plaintiffs have, and have had, valuable contracts and business relationships with performance venues, performance vendors, ticketing agents, sponsors and advertisers, and other third parties in connection with Pink Voyd and the plaintiffs' business of musical entertainment.

45. The defendant has knowingly and purposefully contacted these third parties for the purpose of inducing them to break their contract and otherwise damage the business relationships that these third parties have with the plaintiffs.

46. The defendant's interference with the plaintiffs' business relationships was, and is, improper in its motive and means.

47. As a direct result of the defendant's conduct, the plaintiffs have been harmed and their business relationships have been damaged.

WHEREFORE, the plaintiffs demand that judgment enter against the defendant, and that the plaintiffs be awarded damages, attorneys' fees, costs, interest, and any other relief which this Court deems just and proper.

## COUNT IV - UNFAIR COMPETITION/PALMING OFF

48. The plaintiffs restate, reassert and incorporate by reference the allegations contained in paragraphs 1 through 47 of their Complaint as if specifically set forth herein.

49. The name "Pink Voyd," adopted by the plaintiffs in connection with their business of musical entertainment, has acquired a secondary meaning and a reputation in the relevant market and music industry.

50. The defendant had full knowledge and awareness that the name "Pink Voyd" was adopted and used by the plaintiffs and has acquired a secondary meaning and reputation in the relevant market and industry.

51. Despite such knowledge, the defendant has adopted names, or a combination of names and symbols, so closely resembling the plaintiffs' name "Pink Voyd" that the public would reasonably be misled by it.

52. As a direct and proximate result of the defendant's actions, the business and goodwill created by the plaintiffs have been harmed and the plaintiffs have been damaged.

WHEREFORE, the plaintiffs demand that judgment enter against the defendant, and that the plaintiffs be awarded damages, attorneys' fees, costs, interest, and any other relief which this Court deems just and proper.

## COUNT V - VIOLATION OF M.G.L. c. 93A

53. The plaintiffs restate, reassert and incorporate by reference the allegations contained in paragraphs 1 through 52 of their Complaint as if specifically set forth herein.

54. The defendant's conduct constitutes unfair competition in violation of M.G.L. c. 93A, § 11.

9

55.  The defendant's actions were performed willfully and knowingly.

56.  As a direct result of the defendant's unfair competition practices, the plaintiffs have been damaged.

WHEREFORE, the plaintiffs demand judgment against the defendant for treble damages as provided by M.G.L. c. 93A, § 11, as well as interest, costs and attorneys' fees.

### JURY DEMAND

The plaintiffs, Stickle, Caliendo, Pitingolo and Fisher, demand a trial by jury on all issues so triable.

Respectfully submitted,

**CLARK, HUNT & EMBRY**

William J. Hunt (244720)
Michael B. Newman (632222)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

Dated: 7/9/04

AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court **for Massachusetts** on the following ☐ Patents or ☒ Trademarks:

| DOCKET NO. | DATE FILED<br>7/9/04 | U.S. DISTRICT COURT<br>Massachusetts | |
|---|---|---|---|
| PLAINTIFF<br>Walter Stickle, Anthony Caliendo, John Pitingolo, Daniel Fisher | | DEFENDANT<br>Arthur Orfanos<br>04 11539 JLT | |
| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1  Serial No. 78395926 | pending | Arthur Orfanos | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
|---|---|---|---|
| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
|   |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
|   |   |   |

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Walter Stickle, Anthony Caliendo, John Pitingolo, Daniel Fisher

**(b)** County of Residence of First Listed Plaintiff __Middlesex__
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William J. Hunt
Michael B. Newman
Clark, Hunt & Embry
55 Cambridge Parkway
Cambridge, MA 02142      Tel.:617-494-1920

### DEFENDANTS
Arthur Orfanos

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Mark Pelosky
375 Broadway, Suite 207
Chelsea, MA 02150

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 720 Labor/Mgmt. Relations / ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act / ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation / ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act / ☐ 871 IRS Third Party 26 USC 7609 | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C., Sec. 1051, et seq. Defendant is violating plaintiffs' trademark rights, disparaging product, interfering with business relations, and other wrongful conduct.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ preliminary injunction
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Walter Stickle, et al. v. Arthur Orfanos**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **Michael Newman**
ADDRESS  **Clark, Hunt & Embry, 55 Cambridge Parkway, Cambridge, MA 02142**
TELEPHONE NO.  **617-494-1920**

(Coversheetlocal.wpd - 10/17/02)