UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 04 11539 JLT

| | |
|---|---|
| WALTER STICKLE, ANTHONY CALIENDO, JOHN PITINGOLO, and DANIEL FISHER,<br>Plaintiffs<br><br>v.<br><br>ARTHUR ORFANOS,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO WITHDRAW AS ATTORNEY

NOW comes the Attorney (Attorney) for Defendant (Defendant) in accordance with all applicable rules, regulations and procedures, including but not limited to Rule 7 of the Local Rules of the United States District Court for the District of Massachusetts and Mass.R.Prof.C. 1.16(c), to respectfully Move this Honorable Court to permit him to Withdraw as Defendant's attorney.

In support hereof, Attorney states the following:

1. Attorney seeks to withdraw as Defendant's attorney (Defendant in original suit, Plaintiff in Counterclaims in original suit Answer), and has good cause for same;

2. Defendant has agreed to Attorney's withdrawal as Defendant's attorney on a number of different occasions over roughly the last 3 – 5 months;

3. The lawyer-client relationship has irretrievably broken down, *See, e.g.*, Powers v Manning, 154 Mass. 370, 375-377 (1891); *See also, e.g.*, Salem Realty Co. v. Matera, 10 Mass. App. Ct. 571, 575 (1980), and irreconcilable differences have arisen, *See* Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.,

1

*Allowed*
*/s/ Tauro J*
*12/27/05*

310 F.3d 537, 539 (7th Cir. 2002); *See also, e.g.,* Whiting v. Lacara, 187 F.3d 317, 319-20 (2d Cir. 1999);

4. Defendant has failed, neglected and refused to cooperate with Attorney and this is, amongst other things, causing an inability to vehemently defend and prosecute Counterclaims in the instant matter;

5. Attorney is permitted to withdraw as Defendant's attorney pursuant to relevant laws, procedures, rules, regulations, agreements with Defendant, and / or other;

6. Attorney's withdrawal as Defendant's attorney is not contrary to client's interests and "can be accomplished without material adverse effect on the interests of the client," Mass.R.Prof.C. 1.16(b), *See also, e.g.,* Borman v Borman, 378 Mass. 775 (1979);

7. Individuals may prosecute or defend their own action, *See, e.g.,* MGL c. 221 48, and Defendant has now chosen to do same;

8. Attorney's withdrawal will not be prejudicial against the Defendant or other parties, *See, e.g.,* Fed. Sav. & Loan Ins. Corp. v. Ferrante, 364 F.3d 1037, 1041 (9th Cir. 2004);

9. There is no trial date set in this matter, and there are no motions or discovery now pending;

10. Attorney has properly served notice of this matter on all necessary parties, and has in good faith tried but been unable to resolve this matter with the Defendant;

11. Defendant has been warned of and now knows of Attorney's intent to withdraw, "allowing time for employment of other counsel" by now if he so desires, *See*

Swasey v. Barron, 46 Mass. App. Ct. 127, 130-131; *See also, e.g.,* S.J.C. Rule 3:07, Canon 2, DR 2-110, *as appearing in* 382 Mass. 774 (1981);

12. Attorney has "deliver[ed] to the client papers ... to which the client is entitled", *See, e.g.,* Id.;

13. Attorney has provided zealous, effective representation to Defendant;

14. Attorney's continued "representation will result in an unreasonable financial burden on the lawyer [and] has been rendered unreasonable by the client," Mass.R.Prof.C. 1.16(b), *See also, e.g.,* Lieberman v. Polytop Corp., 2 Fed. Appx. 37, 39-40 (1st Cir. 2001) (*unpublished opinion*); and

15. "[o]ther good cause for withdrawal exists," Id; *See also, e.g.,* Matter of Dembrowsky, 8 Mass. Att'y Disc. R. 75 (1992)

For further information, please see Attorney's Affidavit attached hereto and incorporated herein.

WHEREFORE it is respectfully requested this Honorable Court in its authorized discretion grant Attorney's instant Motion and permit Attorney to withdraw from representation of Defendant in this matter.

Respectfully submitted,

Attorney for Defendant
The Law Offices of Mark E. Pelosky, P.C.

Mark E. Pelosky, Esq.
BBO # 635022
The Law Offices of Mark E. Pelosky, P.C.
373 Broadway  Suite 207
Chelsea, MA 02150
617 884 8100

December 13, 2005

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 11539 JLT

| | |
|---|---|
| WALTER STICKLE, ANTHONY CALIENDO, JOHN PITINGOLO, and DANIEL FISHER, **Plaintiffs** | ) ) ) ) ) ) |
| v. | ) ) |
| ARTHUR ORFANOS, **Defendant** | ) ) ) |

## REQUEST FOR ORAL ARGUMENT

NOW comes Attorney for Defendant in the instant matter to respectfully request a Hearing for Oral Argument to argue his MOTION TO WITHDRAW AS ATTORNEY, particularly if Attorney's Motion is to be denied.

WHEREFORE, Defendant respectfully requests this Honorable Court schedule a Hearing for Oral Argument on the Attorney's Motion to Withdraw.

Respectfully submitted,

Defendant
By his Attorney
The Law Offices of Mark E. Pelosky, P.C.

_____
Mark E. Pelosky, Esq.
The Law Offices of Mark E. Pelosky, P.C.
375 Broadway Suite 207
Chelsea, MA 02150
617 884 8100

December 14, 2005

1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 11539 JLT

| | |
|---|---|
| WALTER STICKLE, ANTHONY CALIENDO, JOHN PITINGOLO, and DANIEL FISHER, <br> Plaintiffs <br><br> v. <br><br> ARTHUR ORFANOS, <br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) |

## AFFIDVIT / CERTIFICATE OF SERVICE

I, Mark E. Pelosky, Esq., of The Law Offices of Mark E. Pelosky, P.C., attorney for Defendant hereby depose under oath I have this day caused a copy of the following:

1. MOTION TO WITHDRAW AS ATTORNEY

2. AFFIDAVIT IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEY

3. REQUEST FOR ORAL ARGUMENT

4. AFFIDAVIT / CERTIFICATE OF SERVICE

To be served upon Plaintiff's Counsel Michael B Newman, Clark Hunt and Embry, 55 Cambridge Parkway, Cambridge, MA 02142 by first class mail, postage prepaid with a copy of same also served by same upon Mr. Arthur Orfanos, 54 Egerton Road, Arlington, MA 02474.

As also indicated in said filings, good faith attempts to resolve this matter have been unsuccessful.

Subscribed and sworn to under the pains and penalties of perjury on this 16th day of December, 2005

_____
Mark E. Pelosky, Esq.
The Law Offices of Mark E. Pelosky, P.C.

1