UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04 11539 JLT

|  |  |
|---|---|
| WALTER STICKLE, ANTHONY CALIENDO, JOHN PITINGOLO and DANIEL FISHER,<br>    Plaintiffs<br><br>v.<br><br>ARTHUR ORFANOS,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO REMOVE DEFAULT JUDGMENT**

Now come the plaintiffs in the above-captioned matter and hereby oppose the defendant's motion to remove the default that was entered in this case. In support of their opposition, the plaintiffs state the following:

1.     An entry of default may only be set aside for "for good cause shown." Fed. R. Civ. P. Rule 55(c); <u>General Contracting & Trading Co. v. Interpole, Inc.</u>, 899 F.2d 109, 112 (1st Cir. 1990).

2.     In Massachusetts, a "pro se litigant is bound by the same rules of procedure as litigants with counsel." <u>International Fidelity Insurance Co. v. Wilson</u>, 387 Mass. 841, 847, 443 N.E.2d 1308 (1983). The defendant was defaulted by this Court following his failure to appear before this Court on February 9, 2006. The defendant claims that he had no knowledge of this hearing date, but any lack of knowledge on his part was caused by his failure to comply with this Court's procedural rules.

3.     The defendant, Orfanos, was certainly aware that his attorney had moved to withdraw from the case. He claims in his motion that his counsel withdrew on or

about December 27, 2005.  Subsequently, on January 31, 2006, notice of a status conference to be held on February 9, 2006 was sent by the court and received by the plaintiffs.  If the defendant failed to receive notice of this conference, this was caused by his own failure to abide by this court's procedural rules.

4.	Local Rule 83.5.2(e) provides that any "party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice."  It is clear that the defendant, despite full knowledge that his attorney had withdrawn, made no effort to provide the clerk with his address for notification purposes and made no effort to communicate with either the court or plaintiffs' counsel until after the default had been entered.

5.	The defendant has not demonstrated good cause to remove the default.  Another factor is whether the defendant is able to present a "meritorious defense" in the case.  Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989); Mach v. Florida Casino Cruise, Inc., 187 F.R.D. 15, 18 (D. Mass. 1999).  The defendant cannot demonstrate that he has a meritorious defense in this matter.  Over the defendant's opposition, the plaintiffs' motion for a preliminary injunction was granted in this matter, resulting in the defendant being enjoined from continuing his unlawful conduct and interference with the plaintiffs' business and band name.  The plaintiffs' motion to convert the preliminary injunction to a permanent injunction was granted on February 9, 2006.  As such, the removal of the default in this matter would prejudice the plaintiffs as they will undoubtedly be forced to re-litigate this issue or incur additional costs responding to meritless motions of the defendant.

6.	Indeed, the defendant has already filed a Motion to Dismiss the plaintiffs' claims.  This motion provides no basis for any such dismissal and is entirely frivolous.  The motion has also been improperly filed because the defendant has been defaulted.

This conduct is a strong indication that a removal of the default will only continue to prejudice the plaintiffs.  <u>Coon</u>, <u>supra</u>.

      7.    The burden of demonstrating good cause for the removal of a default rests with the defendant.  <u>KPS & Associates v. Designs by FMC, Inc.</u>, 318 F.3d 1, 14 (1st Cir. 2003).  The defendant has failed to meet this burden.  As a result, his motion to remove the default should be denied.

      WHEREFORE, for all of the foregoing reasons, the plaintiffs' in this matter respectfully request that this Honorable Court deny the Defendant's Motion to Remove Default Judgment.

                                        Respectfully submitted,
                                        **CLARK, HUNT & EMBRY**

                                        */s/ Michael B. Newman*
                                        _____
                                        Michael B. Newman (632222)
                                        55 Cambridge Parkway
                                        Cambridge, MA  02142
                                        (617) 494-1920