UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04-11539 JLT

WALTER STICKLE, ANTHONY )
CALIENDO, JOHN PITINGOLO and )
DANIEL FISHER, )
Plaintiffs )
)
)
v. )
)
ARTHUR ORFANOS, )
Defendant )
)

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT PURSUANT TO RULE 55(b)(2)

NOW COMES the Defendant in the above-captioned matter and respectfully move this Honorable Court to dismiss the action because the complaint fails to state a claim against defendant upon which relief can be granted.

1. Trademark Act Section 2(d), 15 U.S.C §1052(d), "because the applicant's mark, when used on or in connection with the identified goods/services, so resembles the mark in U.S. Registration No. 2194702 [PINK FLOYD] as to be likely to cause confusion, to cause mistake or to deceive."

2. *"The Lanham Act was intended to make "actionable the deceptive and misleading use of marks" and "to protect persons [505 U.S. 763, 768] engaged in commerce against unfair competition." 45, 15 U.S.C. 1127. Section 43(a) "prohibits a*

*broader range of practices than does 32," which applies to registered marks, Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 858 (1982), but it is common ground that 43(a) protects qualifying unregistered trademarks, and that the general principles qualifying a mark for registration under 2 of the Lanham Act are, for the most part, applicable in determining whether an unregistered mark is entitled to protection under 43(a). See A.J. Canfield Co. v. Honickman, 808 F.2d 291, 299, n. 9 (CA3 1986); Thompson Medical Co. v. Pfizer Inc., 753 F.2d 208, 215-216 (CA2 1985).* "

3. The Defendant respectfully reminds the honorable court that the Plaintiffs have committed perjury USC 28 § 1746 on more than one occasion by lying and submitting misleading statements in sworn testimonies; Anthony Caliendo Affidavit (Exhibit A, ¶ 4, ¶ 5, ¶ 7, ¶ 12, ¶ 14, ¶ 22), Walter Stickle Affidavit (Exhibit B. ¶ 7, ¶ 16, ¶ 17), John Pitingolo Affidavit (Exhibit C. ¶ 10, ¶ 11), Eamon Tighe Affidavit (Exhibit E. ¶ 3), Robert Caliendo Affidavit (Exhibit J. ¶ 4). The Plaintiffs' actions are dishonorable, they have acted in bad faith.

4. The court must acknowledge that the Plaintiffs are unsure of the law and of their ownership or trademark rights. The honorable court need not be reminded that the law is quite clear in this matter.

5. USC 15 §1125(c)(1) ; *<u>The owner of a famous mark shall be entitled, subject to the principles of equity and</u> upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this subsection.* The Plaintiffs' have only speculated and continue to perpetuate this matter

unnecessarily and without merit.

6. The Defendant reminds the honorable court that he has no formal training or experience with the practice of law, and wishes to request leniency from the honorable court with regards to this matter. The Defendant should no longer be punished unjustly and unfairly, therefore, the Defendant requests that the claims of the Plaintiffs be dismissed immediately.

WHEREFORE, the Defendant respectfully request that all claims of the Plaintiffs, Anthony Caliendo, Walter Stickle, John Pitingolo and Daniel Fisher, in this matter be dismissed with prejudice and without costs.

Dated March 23, 2006

Respectfully submitted,
Arthur Orfanos

Arthur Orfanos
54 Egerton Rd
Arlington MA, 02474
781 646 4623

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04-11539 JLT

| | |
|---|---|
| WALTER STICKLE, ANTHONY CALIENDO, JOHN PITINGOLO and DANIEL FISHER,<br>Plaintiffs<br><br>v.<br><br>ARTHUR ORFANOS,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a true copy of the within Defendant's Opposition to Plaintiffs' Motion for default judgment pursuant toe Rule 55(b)(2)

Motion to Dismiss Claims of the Plaintiffs was this day served upon Plaintiffs by mailing same first class Postage prepaid to: Michael B Newman, Attorney of Plaintiff of, Clark Hunt and Embry, 55 Cambridge Parkway, Cambridge, MA 02141.

SIGNED under the pains and penalties of perjury.

Date March 23, 2006

_____
Arthur Orfanos