UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 11539 JLT

WALTER STICKLE, ANTHONY )
CALIENDO, JOHN PITINGOLO, and )
DANIEL FISHER, )
    Plaintiffs )
 )
v. )
 )
ARTHUR ORFANOS, )
    Defendant )

## AFFIDAVIT

I, Mark E. Pelosky, hereby depose under oath the following is true and accurate

1. I am an Attorney licensed to practice in this Court and formerly represented the Defendant in this matter.

2. I did not receive any notice of the February 9, 2006 Status Conference in this matter before, during or after it was held until I obtained a copy of the Docket Report in this matter on March 9, 2006.

3. On or about December 16, 2005 I filed a Motion to Withdraw as Defendant's Attorney (Defendant in original suit, Plaintiff in Counterclaims).

4. The Docket Report indicates my Motion to Withdraw was granted on or about December 27, 2005, with said matter being "Entered" on or about January 25, 2006.

1

5. I received by land mail only notice of my granted Motion to Withdraw on or about February 1, 2006, and soon thereafter notified Mr. Orfanos in writing of same.

6. My Motion to Withdraw / Certificate of Service did contain Mr. Orfanos' address.

7. Certain pleadings in this matter also contained Mr. Orfanos' address. *See, e.g., Plaintiff's Complaint.*

8. Mr. Orfanos represents to me he too did not receive any notice of the critical February 9, 2006 Status Conference.

9. Why Mr. Orfanos did receive notice of certain subsequent matters which ended up having less of an impact on his case but did not receive any notice whatsoever of the ever-important February 9 Status Conference is questionable and troubling.

10. Additionally, this case originated on or before July, 2004, approximately eighteen (18) months before notice of my granted Motion to withdraw was received; for the Status Conference and Mr. Orfanos' default, and all else which followed, to occur less than ten (10) days thereafter is unfair and improper (particularly in light of the related facts and circumstances, e.g., notice).

11. Mr. Orfanos has been significantly harmed and severely prejudiced against by not receiving notice of and attending the February 9, 2006 Status Conference and subsequent proceedings.

12. Removal of the Default against Mr. Orfanos will not cause Plaintiffs significant prejudice; it shall only level out the playing field for both parties to litigate their claims properly.

13. For Mr. Orfanos to be defaulted, to have his Counterclaims dismissed, and to have the temporary injunction against him in this matter Ordered permanent without him having notice of same and without him having the opportunity to timely defend against same is excessively draconian, and not in due process constitutionally.

14. It is in the best interests of judicial economy, fundamental fairness, and other for the Default against Mr. Orfanos to be removed; justice calls for same

Subscribed and sworn to under the pains and penalties of perjury on this 13th day of January, 2006.

The Law Offices of Mark E. Pelosky, P.C.

_____
Mark E. Pelosky, Esq.