UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04 11539 JLT

| | |
|---|---|
| WALTER STICKLE, ANTHONY CALIENDO, JOHN PITINGOLO and DANIEL FISHER, Plaintiffs/Defendants-in-Counterclaim | ) ) ) ) ) ) ) |
| v. | ) ) |
| ARTHUR ORFANOS, Defendant/Plaintiff-in-Counterclaim | ) ) ) |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

Now come the plaintiffs in the above-captioned matter and hereby move this Honorable Court for an award of attorneys' fees and costs. In support of this motion, the plaintiffs state the following:

1. On July 9, 2004, the plaintiffs filed this action against the defendant, Arthur Orfanos, seeking to halt the defendant's wrongful and malicious actions in palming off the plaintiffs' band name, publishing false and misleading statements to others in the music industry concerning the plaintiffs' band, and stop efforts to interfere with the plaintiffs' business relationship and otherwise cause damage to the plaintiffs. The plaintiffs sought injunctive relief and brought claims against the defendant under the Lanham Act, The Massachusetts Protection of Trademarks Act, M.G.L. c. 93A, and common law claims for product disparagement and tortuous interference with business relations.

2. On November 2, 2004, following hearing and oral argument and the submission of evidence by both parties, this Court allowed the Plaintiffs' Motion for Preliminary Injunction and enjoined the defendant from engaging in a number of

activities that had been the subject of the plaintiffs' complaint.  On February 9, 2006, this Court issued an order granting the plaintiffs' motion to convert that preliminary injunction into a permanent injunction.  Following the defendant's failure to appear before this Court on February 9, 2006, default was entered against the defendant on February 16, 2006.

3.  On June 7, 2006, this Court entered judgment in favor of the plaintiffs against the defendant on all counts, and provided that the plaintiffs may be entitled to reasonable attorney fees and costs upon application for the same.

4.  Subsequently, the plaintiffs' Motion to Dismiss the Defendant's Counterclaims was granted on February 28, 2006.  The defendant filed a Motion to Set Aside Default, which the Court denied on March 9, 2006.  The defendant then filed a motion for Reconsideration of this ruling, which was denied by the Court on June 6, 2006.  On June 16, 2006, the defendant filed a Motion to Vacate Judgment, which was denied by the Court on October 3, 2006.

5.  The plaintiffs have thus prevailed in this action with respect to establishing, and enjoining, the defendant's wrongful conduct.  The recovery for reasonable attorneys' fees for a violation of the Lanham Act is provided by 15 U.S.C. § 1117.  Further, attorneys' fees and costs are properly awarded under M.G.L. c. 93A in this situation where the defendant's conduct was clearly intended to, and did, cause confusion among consumers.  Star Financial Services, Inc. v. Aastar Mortgage Corp., 89 F.3d 5, 14 (1st Cir. 1996).  Further, court's may award attorneys' fees under c. 93A "not only when damages were awarded, but also where, as here, the prevailing plaintiff received injunctive relief only."  Id. at 15.  See also, Jillian's Billiard Club of America, Inc. v. Beloff Billiards, Inc., 35 Mass. App. Ct. 372, 377, 619 N.E.2d 635 (1993), review denied, 416 Mass. 1108, 625 N.E.2d 1369 (Mass. 1993).

6. The amount of reasonable attorneys' fees under Chapter 93A is within the broad discretion of the trial court. <u>Nasco, Inc. v. Public Storage, Inc.</u>, 127 F.3d 148, 154 (1st Cir. 1997); <u>Linthicum v. Archambault</u>, 379 Mass. 381, 390, 398 N.E.2d 482 (1979). In determining the amount of a reasonable attorney fee, proper considerations include "the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation, and ability of the attorney, usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." <u>Linthicum</u>, <u>supra</u> at 388-89. Regarding costs, Chapter 93A is a statutory except to the usual rule in Massachusetts that each litigant must bear its own expenses. <u>Id.</u>

7. The plaintiffs in this case seek an award of attorneys' fees and costs in the amount of $32,270.00. Attached as Exhibit A to this motion is a complete and detailed documentation of the time and costs expended in prosecuting this case. The plaintiffs submit that the amount sought is reasonable and appropriate given the consideration set forth by the <u>Linthicum</u> court.

8. The defendant, Arthur Orfanos, forced the plaintiffs to conduct substantial litigation in this matter and resisted all efforts to agree to a more efficient resolution of this case at every step of the way. Prior to filing suit, the plaintiffs verbally and in writing, in accordance with Chapter 93A, attempted to resolve their claims. The defendant, however, refused to make any reasonable offer of settlement or acknowledge any wrongdoing on his part.

9. As a result, the plaintiffs were forced to bring this action and, in the process, incurred fees and costs consistent with the prosecution of an intellectual property action in federal court attendant with legal and factual issues and involving the interpretation and enforcement of federal and state regulations. The plaintiffs filed

a comprehensive motion for a preliminary injunction in this matter, with a supporting memorandum of law.  To support their motion, the plaintiffs obtained and prepared numerous affidavits from supporting factual witnesses.  Following the defendant's opposition to this motion, and a hearing with oral argument, the plaintiffs prevailed on their motion for a preliminary injunction.  Ultimately, this preliminary injunction was converted to a permanent injunction and the defendant has been defaulted.

10. All of the attorneys' fees and costs incurred in this case were made necessary by the defendant's intransigent refusal to compromise or admit any kind of wrongdoing.  Under these circumstances, and where the plaintiffs have prevailed on their claims by obtaining injunctive relief, it is not unreasonable or inappropriate for fees and costs to be awarded even without a determination of damages in the case.  Certainly it is reasonable to expect that the defendant, and other similar individuals or entities, would be less likely to engage in such unfair and deceitful conduct, or refuse efforts to settle such claims, if he must pay the full price for the litigation.

11. Further, the hourly rates sought by the plaintiffs' counsel are reasonable and appropriate for this type of case.  The United States District Court for the District of Massachusetts has previously approved Attorneys William Hunt and Michael Newman at hourly rates of $275.00 and $140.00, respectively, for their work in a civil rights action over seven years ago.  See Guckenberger v. Boston University, 8 F. Supp.2d 91, 107-08 (1998).  Thus, the requested hourly rates of $250.00 and $185.00 are reasonable and appropriate.

12. In further support of this motion, the plaintiff submits the Affidavits of Counsel, William J. Hunt and Michael B. Newman and the Clark, Hunt & Embry billing records, attached as Exhibit B.  In addition, the plaintiffs submit the Affidavit of Counsel, Richard E. Brody, in support of this motion, attached as Exhibit C.

WHEREFORE, based upon the foregoing, the plaintiffs in this matter respectfully request that this Honorable Court award them attorneys' fees and costs in the amount of $32,270.00.

Respectfully submitted,

**CLARK, HUNT & EMBRY**

*/s/ Michael B. Newman*
_____
Michael B. Newman
B.B.O. No. 632222
55 Cambridge Parkway
Cambridge, MA  02142
(617) 494-1920

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the pro se defendant in this matter, Arthur Orfanos, by mail to 54 Egerton Rd., Arlington, MA 02474 this 17th day of October, 2006.

*/s/ Michael B. Newman*
_____