UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04 11539 JLT

| | |
|---|---|
| WALTER STICKLE, ANTHONY CALIENDO, JOHN PITINGOLO and DANIEL FISHER, <br>    Plaintiffs/Defendants-in-Counterclaim <br><br> v. <br><br> ARTHUR ORFANOS, <br>    Defendant/Plaintiff-in-Counterclaim | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' MOTION SEEKING ORDER OF CONTEMPT**

Now come the plaintiffs to the above-captioned matter and hereby move this Honorable Court for an Order of Contempt against the defendant, Arthur Orfanos, relating to his willful, repeated, and continuing violation of the Order and Preliminary Injunction entered by this Court on November 2, 2004. In support of this motion, the plaintiffs state the following:

1. In response to the plaintiffs' motion for preliminary injunction filed in this matter, this Court ordered that the defendant shall be enjoined from, among other things, "using, advertising, or publishing for any purpose, the name 'Pink Voyd,' or any similar combination," and that he also be enjoined from "[r]epresenting himself to anyone as a member of Pink Voyd, or representing to anyone that he is associated with Pink Voyd in any way."

2. Despite this clear and unambiguous order, as of November 10, 2004, Mr. Orfanos was still operating the website www.pinkvoyd.net. The defendant was using the website to market his band The Mood. (Please see Affidavit of Daniel Fisher,

attached hereto as Exhibit A.) The defendant's actions in operating this website were a direct violation of this Court's order.

3. Plaintiffs' counsel sent a letter to Mr. Orfanos's attorney on November 10, 2004 demanding that he cease operating the website www.pinkvoyd.net. (Please see a copy of the correspondence from Attorney Michael B. Newman to Attorney Mark Pelosky dated November 10, 2004, attached hereto as Exhibit B.) Only after this letter was sent did the defendant apparently cease operating the website in question.

4. Despite the foregoing, Mr. Orfanos again violated this Court's order by including numerous references to Pink Voyd in the source codes of his website at www.themood.us. That website, which apparently is used to market the defendant's own band, included in its source code a copy of Mr. Orfanos's letter sent to the plaintiffs accusing them of intellectual property violations regarding the name "Pink Voyd." These source codes were available for all to see, particularly those individuals who know how to look for them. (Fisher Affidavit, ¶ 4.)

5. Plaintiffs' counsel again wrote to Mr. Orfanos's attorney on November 15, 2004 demanding that he cease his continued violation of this Court's order. (Please see correspondence from Attorney Michael B. Newman to Attorney Mark Pelosky dated November 15, 2004, attached hereto as Exhibit C.) Only after this correspondence was sent did the defendant appear to remove all of the references to Pink Voyd from his website source codes.

6. Despite all of the foregoing, as of the date this motion is filed, Mr. Orfanos continues his willful and blatant violations of this Court's direct orders. On Mr. Orfanos's website, www.themood.us, he relates the story of how his band "the Mood became 'another band' (which is still active); my forced departure, other truths and disgusting things that were done against me." The defendant explains in great

detail his relationship with "a drummer (we'll call him 'T')" and how he "explained to 'T' the details of (his) **intellectual property**...." (Emphasis in original.) Were these references not obvious enough, the defendant informs all visitors to his website to "feel free to NOSE around." On that same website page, there is a picture of a clown, and when a visitor clicks on the clown's nose, the person is automatically transported to the plaintiffs' website, www.pinkvoyd.com. (Fisher Affidavit, ¶ 5.)

7.   In addition, the defendant retains on his website some of the posters that were created by plaintiff, John Pitingolo. If a visitor clicks on these posters, they are directed to what purports to be an email trace page. The source codes for this page again contain a copy of the demand letter that Mr. Orfanos sent to the plaintiffs accusing them of intellectual property violations regarding the name Pink Voyd. (See Fisher Affidavit, ¶ 6.)

8.   The above-described actions of the defendant are direct and continuing violations of the clear and unambiguous terms of this Court's Order. The defendant's conduct in this regard is obviously an intentional and blatant disregard of this Court's order. The defendant cannot claim to be unaware of these violations as the plaintiffs twice brought them to his attention before bringing this motion. The plaintiffs, in sending these letters, have made a good faith effort to attempt to resolve these violations without the need for the court's intervention. It is quite evident that the defendant is playing a type of shell game, making repeated and duplicitous violations of this Court's Order, changing his tactics when he is forced to stop in a particular area. All the while, Mr. Orfanos intentionally disregards this Court's Order with his continued campaign to communicate to as many people as he can the misrepresentations about the ownership of the name Pink Voyd. Such conduct must not

be condoned. An Order of Contempt against the defendant is necessary and warranted.

WHEREFORE, the plaintiffs respectfully request that Honorable Court issue an Order finding that the defendant, Arthur Orfanos, is in Contempt of the Order that was entered in this matter on November 2, 2004. The plaintiffs also request the following relief:

A. That the Preliminary Injunction entered in this matter be converted to a permanent injunction;

B. That the plaintiffs be awarded their reasonable attorneys' fees and costs incurred in bringing this action. The amount of the plaintiffs' fees and costs incurred to date is $29,788.00. (Please see Affidavit of Counsel Michael B. Newman, attached hereto as Exhibit D.)

C. For any other relief which this Court deems just and proper.

Respectfully submitted,

CLARK, HUNT & EMBRY

*/s/ Michael B. Newman*
Michael B. Newman
55 Cambridge Parkway
Cambridge, MA 02142
B.B.O. No. 6322222
(617) 494-1920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND) ON  12/7/04

*/s/ Michael B. Newman*

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04 11539 JLT

WALTER STICKLE, ANTHONY )
CALIENDO, JOHN PITINGOLO, and )
DANIEL FISHER, )
    Plaintiffs )
)
v. )
)
ARTHUR ORFANOS, )
    Defendant )

**AFFIDAVIT OF COUNSEL, MICHAEL B. NEWMAN**

I, Michael B. Newman, do hereby depose and state under oath:

1. I am an attorney licensed to practice in the Commonwealth of Massachusetts, and I represent the plaintiffs in the above-captioned matter.

2. In preparation of the Plaintiffs' Motion Seeking Order of Contempt, I have reviewed my firms billing records for this matter. The current total of the hourly attorneys' fees and costs incurred to date on this case is $29,788.00.

3. I have personally performed the majority of the work on this file, having spent a total of 60.4 hours on the case, including the preparation of the complaint, motion for preliminary injunction, supporting memorandum of law, and communications with the plaintiffs and opposing counsel. I have been practicing for over nine years and have acquired significant experience in federal court successfully seeking injunctional relief in a number of matters. My hourly rate in this matter is $200.00.

4. Attorney William J. Hunt, a partner at Clark, Hunt & Embry, with over 25 years of experience, has also been involved with the case, primarily communicating

with the clients and numerous witnesses for the preparation of the supporting affidavits necessary for the plaintiffs' motion for preliminary injunction. Attorney Hunt's hourly rate for this matter is $250.00.

5. Also assisting with this case are Attorneys Mandi Jo Jastremski and Stacey A. Ward, junior associates at my firm. Attorney Jastremski and Attorney Ward assisted primarily with the legal research associated with this case. Their billable rates for this matter $150.00 per hour.

6. To date, a total of $288.00 of costs have been incurred in this matter. These costs include the case filing fee, constable service fees, and Federal Express charges.

7. All of the attorneys' fees and costs incurred in this matter has been reasonable and necessary. Both prior to and during this litigation, the plaintiffs have made repeated and good faith efforts to try and resolve these issues without the need for court intervention. At every step of the way, the defendant Orfanos has refused to make any reasonable concessions and has forced the plaintiffs to proceed in court. Even after the plaintiffs' motion for preliminary injunction was granted by this Court, the defendant has continued his wrongful conduct in contempt of this Court's Order. As such, where the defendant's intentional and wrongful actions have directly caused the plaintiffs to incur the fees and charges described above, an award of this amount to the plaintiffs is warranted.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 7TH DAY OF DECEMBER 2004.

_____
Michael B. Newman