## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CASE NO.  04-11539-JLT

| | |
|---|---|
| **WALTER STICKLE, ANTHONY CALIENDO, JOHN PITINGOLO and DANIEL FISHER,** **Plaintiffs** | ) ) ) ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ARTHUR ORFANOS,** **Defendant** | ) ) ) |

## SUPPLEMENT TO AND UPDATE TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

NOW COMES the Defendant in the above-captioned matter and respectfully Submits this supplement and update to his original motion filed on or about October 24, 2006, opposing Plaintiffs' motion for Attorneys' fees and costs;

1.      The Plaintiffs' acted in bad faith. The claims brought on by the Plaintiffs in this action were not compulsory and this action was filed and was perpetuated for over 26 months without cause or purpose other than to inflict distress upon the Defendant.

2.      The Defendant is Judgment proof (as stated in his previous motion) he Has acted in good faith at all times both prior to and during this action being filed. Affidavit of Defendant, attached as exhibit A,

3.      Defendant respectfully opposes Plaintiffs' motion (filed on or about October 17, 2006). Plaintiffs' Motion, which seeks requests for Attorneys' fees and costs

Is unwarranted. Default Judgment entered against Defendant on or about February 24, 2006 does not equal the technical procedure of law.

    .4.      The Defendant respectfully suggests under Rule 60(b), *[a]court may exercise its discretion to relieve a party from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment. See Fed.R.Civ.P. 60(b); Broadway v. City of New York, 2003 WL 21209635 at 2 (S.D.N.Y. May 21, 2003)*

    5.      Plaintiffs claim they are entitled to an award arising from this Court's default ruling against [Defendant] Arthur Orfanos (see Plaintiffs' request for award of Attorneys' fees and costs). (See Defendants' original opposition to Plaintiffs' Motion filed on or about October 24, 2006).

    6.      Plaintiffs claim that they have expended $32,270.00 to date litigating this case, these blatantly are improper and unnecessary charges. Plaintiffs Opted for Court intervention. . (Please refer to Defense exhibits filed on or about October 24, 2006). The bill submitted and to which this Defendant justifiably objects, included charges for approximately $22,617.50 from May 5, 2004 to July 9, 2004.

    7.      These fees represent preparation for this action, which also proves that the Plaintiffs intentions from the very beginning were to not contact the Defendant first as they claim they have. They provide no factual evidence supporting their motion for the Position they take (Please see Plaintiffs motion filed on or about Oct 17, 2004 ¶8, ¶9).

    8.      This evidence alone as entered in support of their request counsel for

2

The Payment to them of fees and expenses before the court, shows clearly that the Plaintiff's actions were reckless and unwarranted. This action and all other legal Interventions were most definitely avoidable and completely unnecessary.

9.    They made no attempt or had any intentions of Contacting the Defendant with regard to settling or resolving without the Court Intervention. (Please see Defendants' previous motion filed on or about October 24, 2006). For in the contexts in which they have asked for fees throughout, it appears the Plaintiffs assumed an automatic obligation on the part of the Defendant to pay their fees and expenses. Their specious Request should be denied.

10.    The Defendant at all times made it clear that it would not be necessary For either party to bear the expense of legal counsel, the course of this action has also Resulted in causing further harm to the Defendant, placing upon him a highly unjustified Expense and burdening debt of $6,082.64. The Defendant prays this Honorable court for An award to recover his loss as a direct result of the Plaintiffs frivolous and unreasonable Behavior. Defendant's bill for legal fees is attached as exhibit B.

11.    Plaintiffs to go forward on this cause of action solely with the intention to cause harm to the [Defendant] Mr. Orfanos. For all of the foregoing reasons, accordingly, the Defendants respectfully requests;

1.    Plaintiffs' motion for Attorneys' fees and costs is denied.

2.    The Defendant is awarded legal fees in the amount of $6,082.46.

3

WHEREFORE, the Defendant respectfully requests that the Plaintiff's motion for

Attorneys' fees and costs for $32,270.00 are denied and the Defendant is awarded his

Legal fees in the amount of $6,082.46

Dated October 30, 2006                     respectfully submitted,
                                           Arthur Orfanos / pro se litigant


                                           Arthur Orfanos
                                           54 Egerton Rd
                                           Arlington MA, 02474
                                           781 646 4623

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CASE NO.  04-11539-JLT**

| | |
|---|---|
| **WALTER STICKLE, ANTHONY CALIENDO, JOHN PITINGOLO and DANIEL FISHER,** **Plaintiffs** | ) ) ) ) ) ) |
| **v.** | ) ) |
| **ARTHUR ORFANOS,** **Defendant** | ) ) ) |

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a true copy of the within Defendant's supplement to

And update to Plaintiffs' Motion for attorney's fees and costs was this day served upon

Plaintiffs by mailing same first class Postage prepaid to:  Michael B. Newman, Attorney

of Plaintiff, of Clark, Hunt and Embry, 55 Cambridge Parkway, Cambridge MA, 02141.

SIGNED under the pains and penalties of perjury

Dated October 30, 2006

Arthur Orfanos / pro se litigant

5