## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CASE NO. 04 11539 JLT**

|  |  |
|---|---|
| WALTER STICKLE, ANTHONY CALIENDO, JOHN PITINGOLO and DANIEL FISHER,<br>　　　Plaintiffs<br><br>v.<br><br>ARTHUR ORFANOS,<br>　　　Defendant | ）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO EXTEND TIME FOR FILING PROPOSED PLAN

Respectfully submitted,

**CLARK, HUNT & EMBRY**

Michael B. Newman
B.B.O. No. 632222
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

## STATEMENT OF THE CASE

On July 9, 2004, the plaintiffs filed this action against the defendant, Arthur Orfanos, seeking to halt the defendant's wrongful and malicious actions in palming off the plaintiffs' band name, publishing false and misleading statements to others in the music industry concerning the plaintiffs' band, and stop efforts to interfere with the plaintiffs' business relationship and otherwise cause damage to the plaintiffs. The plaintiffs sought injunctive relief and brought claims against the defendant under the Lanham Act, The Massachusetts Protection of Trademarks Act, M.G.L. c. 93A, and common law claims for product disparagement and tortuous interference with business relations.

On November 2, 2004, following hearing and oral argument and the submission of evidence by both parties, this Court allowed the Plaintiffs' Motion for Preliminary Injunction and enjoined the defendant from engaging in a number of activities that had been the subject of the plaintiffs' complaint. On February 9, 2006, this Court issued an order granting the plaintiffs' motion to convert that preliminary injunction into a permanent injunction. Following the defendant's failure to appear before this Court on February 9, 2006, default was entered against the defendant on February 16, 2006.

On June 7, 2006, this Court entered judgment in favor of the plaintiffs against the defendant on all counts, and provided that the plaintiffs may be entitled to reasonable attorney fees and costs upon application for the same. Subsequently, the plaintiffs' Motion to Dismiss the Defendant's Counterclaims was granted on February 28, 2006. The defendant filed a Motion to Set Aside Default, which the Court denied

on March 9, 2006.  The defendant then filed a motion for Reconsideration of this ruling, which was denied by the Court on June 6, 2006.  On June 16, 2006, the defendant filed a Motion to Vacate Judgment, which was denied by the Court on October 3, 2006.

On December 11, 2006, following hearing, this Court awarded the plaintiffs attorney fees and costs in the amount of $32, 270.00.  A judgment debtor exam was held in this matter on January 30, 2007.  During this exam, testimony was obtained from the defendant and debtor, Arthur Orfanos.

Mr. Orfanos testified that he has no assets of any value, is not currently employed, and had given away his share of ownership in his family business, Theos and Sons, Inc.  Mr. Orfanos further testified that he has had no involvement with Theos and Sons, Inc. for quite some time and has not performed work for the company since 2005.

However, Mr. Orfanos filed the Theos and Sons, Inc. Annual Report as recently as July 31, 2006, just six months ago.  Attached as Exhibit A to this memorandum is a certified copy of the Theos and Sons, Inc. 2006 Annual Report, signed electronically by Arthur Orfanos.  This filing lists Mr. Orfanos's address as 16 Milton St., Arlington, MA, where the corporate offices are located and not 54 Egerton Rd. in Arlington where Mr. Orfanos claims to have resided for the past four years.

Further, during the debtor exam, Mr. Orfanos testified that he believes he gave away his stock ownership in the corporation, but does not believe there are any documents relating to that transaction.  Yet, the Articles of Organization for Theos and Sons, Inc. provide that no shares of stock shall be sold or transferred on the books of the corporation until written notice is provided to the directors providing the

opportunity to purchase the shares at a determined price. (See a copy of the Articles of Organization for Theos and Sons, Inc., Article V, attached as Exhibit B).

## ARGUMENT

**BASED ON THE APPARENT INCONSISTENCIES OR MISREPRESENTATIONS IN THE DEBTOR TESTIMONY OF ARTHUR ORFANOS, ADDITIONAL TIME FOR FURTHER DISCOVERY IS WARRANTED.**

Although Mr. Orfanos testified that he has had no involvement with his family's business, Theos and Sons, Inc. since 2005, the corporate records available from the Secretary of the Commonwealth suggest that this is not accurate. Arthur Orfanos is still listed as the Treasurer and a Director of the corporation. He filed the corporation's Annual Report as recently as July 2006, just six months ago. These corporate records also list Mr. Orfanos' residential address as 16 Milton Street in Arlington, which is where the corporate offices of Theos and Sons, Inc. are located.

Further, Mr. Orfanos testified that he no longer owns any shares of Theos and Sons, Inc. because he gave them away, but does not believe that there are any documents relating to this alleged transaction. The Articles of Organization of Theos and Sons, Inc., however, are very clear about the specific requirements for any transfers of the corporate stock. Before any stock is transferred, written notice must be provided to the directors giving them the opportunity to purchase the shares. As such, either Arthur Orfanos still owns his shares of Theos and Sons, Inc. or there should be corporate records documenting any transfer of such stock.

Based on the foregoing, the information that Mr. Orfanos provided to the court concerning his involvement with Theos and Sons, Inc. appears to not be accurate. In light of the inconsistencies and apparent misrepresentations made by Mr. Orfanos

4

concerning these matters, further discovery is warranted before a proposed payment plan is submitted to the Court.

Specifically, the plaintiffs would like to subpoena the corporate records of Theos and Sons, Inc. and take oral deposition testimony, pursuant to Rule 30(b)(6) to obtain information concerning Mr. Orfanos's involvement with the corporation and ownership of its stock.   The plaintiffs submit that the additional discovery sought is both reasonable and necessary to prepare the proposed payment plan, will not create any undue prejudice to any party involved, and is in furtherance of the interests of justice.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the plaintiffs respectfully request an extension for 60 days, or some other time period within the discretion of the Court, for the plaintiffs to submit a proposed payment plan with the Court.

Respectfully submitted,

**CLARK, HUNT & EMBRY**

*/s/ Michael B. Newman*
_____
Michael B. Newman
B.B.O. No. 632222
55 Cambridge Parkway
Cambridge, MA  02142
(617) 494-1920

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the pro se defendant in this matter, Arthur Orfanos, by mail to 54 Egerton Rd., Arlington, MA 02474 this 13th day of February, 2007.

*/s/ Michael B. Newman*
_____

5