UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04 11539 JLT

|  |  |
|---|---|
| WALTER STICKLE, ANTHONY CALIENDO, JOHN PITINGOLO and DANIEL FISHER, <br>     Plaintiffs <br><br> v. <br><br> ARTHUR ORFANOS, <br>     Defendant | ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
REQUESTING RECONSIDERATION FOR PAYMENT MODIFICATION, AND
PLAINTIFFS' CROSS MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT
AND RENEWED REQUEST FOR AN ORDER
PRECLUDING FURTHER FILINGS AND IMPOSITION OF PENALTY**

    Now come the plaintiffs in the captioned matter and hereby oppose the Defendant's Motion Requesting Reconsideration for Payment Modification.  Plaintiffs also cross move for Defendant to be held in Contempt of Magistrate Judge Alexander's February 15, 2007 Order.  Plaintiffs additionally renew their request that the Defendant be precluded from filing any further motions without the Court's prior approval and urge the Court to impose a penalty on the Defendant, payable to the Court, for its time unnecessarily consumed.   In support, the plaintiffs state the following:

    1.    On December 11, 2006, Plaintiffs' Motion for Attorneys' Fees and Costs in the amount of $32,270.00, was allowed.

    2.    Following an in-court debtor's exam of Arthur Orfanos, Magistrate Judge Alexander ordered, on February 15, 2007, Mr. Orfanos to pay the plaintiffs in the amount of $200.00 per month until the judgment was satisfied.

3.	Nearly three (3) months have elapsed and Defendant has failed to make a single monthly payment as ordered. As such, an Order holding the Defendant in Contempt is appropriate here. Defendant has a history of disregarding judicial orders by this Court and has already previously been held in Contempt (see Judge Tauro's grant, in part, of Plaintiffs' February 9, 2004 Motion for Order of Contempt). Defendant should not be permitted to continue this malicious pattern.

4.	In further disregard of the Order, the Defendant now requests that the monthly payment be diminished to a small fraction of Magistrate Judge Alexander's original Order. In support, the defendant articulates no reasonable justification for his request, nor does he give any concrete evidence of his inability to pay $200.00 per month, other than a completely speculative conjecture that he may have to file for bankruptcy in the future.

5.	Arthur Orfanos is 10% owner of Theo and Sons, Inc. (the "Company") a viable enterprise engaged in the sale/brokering of cheese products. This was learned through a deposition taken pursuant to Fed. R. Civ. P. Rule 30(b)(6) of Theo and Sons, Inc. (Deposition of Theofanis Orfanos, pp. 12-13, a copy of which is attached hereto as Exhibit A.).[1]

6.	Theofanis Orfanos further testified that he had no plans to seek bankruptcy protection or otherwise shut the Company down (Exhibit A, p 17), contradicting Arthur Orfanos' testimony in open court that the Company was going out of business.[2]

---

[1] Theofanis Orfanos, majority shareholder of the Company, testified on behalf of it.
[2] We are informed of this through Attorney Michael Newman, former counsel of record who has moved to Michigan for familial reasons and, as a result, is no longer associated with the firm of Clark, Hunt & Embry.

7.   The Defendant's current Motion Requesting Reconsideration for Payment Modification is baseless and designed only to evade Magistrate Judge Alexander's Order, an order entered after testimony in open court.  This, and previous filings by the defendant have unnecessarily consumed the Court's resources and time.  Since the defendant was defaulted by this Court on February 9, 2006, he has filed the following:

- Motion to Remove Default;
- Motion to Dismiss;
- Motion for Hearing;
- Supplement to Motion to Remove Default;
- Supplement to Motion to Dismiss;
- Opposition to Motion for Default Judgment;
- Motion for Reconsideration Re: Order on Motion to Set Aside Default;
- Motion to Vacate Judgment;
- Opposition Re: Motion for Attorneys' Fees;
- Motion for Hearing Re: Motion for Attorneys' Fees;
- Supplement and Update to Opposition Re: Motion for Attorneys' Fees;
- Motion for Order to Compel Plaintiffs to Produce Requested Documents
- Defendant's Motion Requesting Reconsideration for Payment Modification

Collectively, the defendant's filings in this case are completely unreasonable and force the plaintiffs as well as the Court to waste valuable resources and time to address them.  Therefore, the plaintiffs renew its request that the Court issue an Order precluding the defendant from making further filings or requests to the plaintiffs without prior Court approval.  In order to obtain approval, the Defendant should be made to file a motion with the Court setting forth, in detail, the nature of the pleading

3

or document to be filed or sent, a copy of the proposed pleading or document, and an explanation of why the pleading or document has a legal basis and is reasonable and appropriate.  The Plaintiffs also urge this Court order the Defendant to pay a penalty to the Court, in an amount set by the Court's discretion, to compensate the Court for the unnecessary administrative burdens the Defendant's conduct has imposed (Please find a copy of the Proposed Order attached as Exhibit B).

WHEREFORE, for all of the foregoing reasons, Plaintiffs request that this Honorable Court issue the following rulings:

1.  As the defendant has not reasonably demonstrated a financial inability to comply with the Order as previously entered, Defendant's Motion Requesting Reconsideration for Payment Modification be correspondingly **DENIED**;

2.  As almost three months have passed without the defendant making a single monthly payment as per Magistrate Judge Alexander's February 15, 2007 Order, the Defendant be held in **CONTEMPT**;

3.  As the defendant had needlessly and wasted the Court's time and resources, the Defendant be **ORDERED** to seek prior Court approval before submitting further filings or requests to the Plaintiffs.

4. Defendant be made to **PAY** all back payments due under Magistrate Judge Alexander's Order, and in addition, a civil penalty to the Court for unnecessary time he has consumed thus far.

Respectfully submitted,

**CLARK, HUNT & EMBRY**

*/s/ Young B. Han*

―――――――――――――――――
William J. Hunt (244720)
Young B. Han (664126)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within document was served upon the defendant, Arthur Orfanos, by mail this 14th day of May, 2007.

*/s/Young B. Han*

―――――――――――――――――
Young B. Han