**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 04 11539 JLT**

```
_____
                                    )
WALTER STICKLE, ANTHONY             )
CALIENDO, JOHN PITINGOLO and        )
DANIEL FISHER,                      )
      Plaintiffs                    )
                                    )
v.                                  )
                                    )
ARTHUR ORFANOS,                     )
      Defendant                     )
_____)
```

## PLAINTIFFS' MOTION FOR CIVIL CONTEMPT

Now come the Plaintiffs Walter Stickle, Anthony Caliendo, John Pitingolo and Daniel Fisher (collectively, "Plaintiffs"), in the above-captioned matter and hereby respectfully move to hold Defendant, Arthur Orfanos, in civil contempt under Fed. R. Civ. P. Rule 70(e), for his willful and blatant disregard of Magistrate Judge Alexander's June 7, 2007 Order. Plaintiffs further request that the Defendant be ordered to pay Plaintiffs' attorneys' fees unnecessarily incurred as a result of Defendant's defiant conduct. Lastly, Plaintiffs move to reinstitute the previously ordered $200.00 per month payment schedule. In support of their motion, Plaintiffs assert the following:

    1.    On June 7, 2007, this Court granted Defendant's motion to modify payments from $200.00 per month to $25.00 per month.[1]

    2.    On October 16, 2007, a status conference was held, whereby this Court ordered Defendant to inform Plaintiffs of any changes to his income. To date,

---

[1] At twenty-five dollars ($25.00) a month, it would take the Defendant over one hundred and seven (107) years to pay off the $32,270.00 judgment.

Defendant has not informed Plaintiffs of any changes to his income, therefore, no change was made with regard to Defendant's payment schedule.

    3.    In November 2007, Defendant made his October 2007, $25.00 monthly payment.

    4.    On May 29, 2008, after failing to render seven (7) monthly payments (amounting to an overdue balance of one hundred and seventy-five dollars ($175.00)), Plaintiffs' counsel spoke to the Defendant on the telephone in an attempt to confer in good faith and inquire as to why Defendant had neglected to make his monthly payments.  Defendant stated that his income and circumstances have not changed, that he was broke, and considering filing for bankruptcy.  Defendant represented that he would try to send Plaintiffs' counsel his overdue payments within one week.

    5.    On June 5, 2008, Plaintiffs' counsel received a check from the Defendant in the amount of twenty-five dollars ($25.00) for Defendant's overdue November 2007 balance.  See June 3, 2008 Letter from Arthur Orfanos to Steven Taylor attached hereto as Exhibit A.

    6.    On June 9, 2008, Plaintiffs' counsel received a letter from the Defendant stating that, "[d]ue to my financial situation, I am unable to make payments on time but anticipate being able to send you additional payment on or before the end of this month."  See June 5, 2008 Letter from Arthur Orfanos to Steven Taylor attached hereto as Exhibit B.

    7.    On June 10, 2008, Plaintiffs' counsel contacted Defendant via telephone and instructed Defendant that Plaintiffs will file a motion for civil contempt unless Defendant paid his past due monthly balances by June 30, 2008.  At that time, Defendant had a one hundred and seventy-five dollar ($175.00) balance for seven outstanding payments due from December 2007 through June 2008.

8.    On June 30, 2008, Plaintiffs' counsel received a check from the Defendant in the amount of twenty-five dollars ($25.00) representing Defendant's overdue December 2007 payment.  <u>See</u> June 27, 2008 Letter from Arthur Orfanos to Steven Taylor attached hereto as Exhibit C.

9.    On August 14, 2008, Plaintiffs' counsel once again contacted Defendant via telephone and instructed Defendant that Plaintiffs intend on filing a motion for civil contempt unless Defendant pays all outstanding monthly balances by August 21, 2008.  As of that date, Defendant owed two hundred dollars ($200.00), representing his overdue monthly payments from January through August 2008.

10.    On August 19, 2008, Plaintiffs' counsel received a check from the Defendant in the amount of twenty-five dollars ($25.00) representing Defendant's January 2008 payment.    <u>See</u> August 16, 2008 Letter from Arthur Orfanos to Steven Taylor attached hereto as Exhibit D.

11.    Defendant has not paid the outstanding monthly balances owed for February through August 2008.

12.    According to D. Mass. R. 7.1(A)(2), "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."  Given that Plaintiffs' counsel has requested Defendant to become current with his outstanding $25.00 monthly payments on three different occasions, and therefore abide with this Court's June 7, 2007 Order, Plaintiffs have therefore satisfied their burden of attempting to confer with the other party in trying to resolve this dispute without court action.  <u>See</u> Affidavit of Steven M. Taylor In Accordance With D. Mass. R. 7.1(A)(2) filed along with this Motion.  Since Defendant continues to fail to pay his $200.00 overdue monthly balance in response to Plaintiffs' multiple requests, Plaintiff has no choice but to submit this matter to the Court.

13.  It is unequivocally clear that the Defendant has failed to adhere to Magistrate Judge Alexander's Order and, therefore, should be held in contempt. In order for a party to be adjudged in contempt, it must have "violated a clear and unambiguous order that left no reasonable doubt as to what behavior was expected and who was expected to behave in the indicated fashion". Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16-17 (1st Cir. 1991) (proper notice is one that would "clearly tell a reasonable person what he is required to do or abstain from doing" *quoting* Reed v. Cleveland Bd. of Educ., 607 F.2d 749, 752 (6th Cir. 1979)).  Defendant's conduct clearly meets this standard.

14.  What makes the Defendant's conduct particularly egregious is that he has failed to adhere to a payment schedule that was modified entirely in accordance with his requested terms.  This behavior simply showcases the Defendant's irreverence for this Court and the judicial process.

15.  In such situations an award for attorneys' fees unnecessarily incurred is appropriate. Dystar Corp. v. Canto, 1 F. Supp. 2d. 48, 60 (D. Mass. 1997) (finding the imposition of attorneys' fees appropriate where contumacious conduct of defendant was willful). "Willfulness may exist where the contemnor had the capacity to comply with the order, failed to act in good faith and did not move to modify the order prior to engaging in the contumacious acts." Dystar Corp., 1 F.Supp.2d at 59 *citing* King v. Allied Vision, Limited, 919 F.Supp. 747, 752-753 (S.D.N.Y 1996).  Defendant's repeated willful acts of non-compliance and flagrant disregard for this Court's authority has revealed the need to help ensure against future infractions.  Imposing attorneys' fees on Defendant will help demonstrate that his defiant conduct will not be looked upon lightly.

16. This Court should further reinstitute the $200.00 per month payment schedule that was originally entered on February 15, 2007. While the June 7, 2007 payment modification was entered based, in part, on Defendant's purported inability to pay, his demonstrated irreverence for this Court necessitates the re-imposition of the previous payment schedule.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. hold Defendant in civil contempt for his repeated noncompliance with, and blatant disregard of, this Court's June 7, 2007 Order;

B. order Defendant to pay attorneys' fees unnecessarily incurred by Plaintiffs as a result of Defendant's defiant conduct; and

C. reinstitute the $200.00 per month payment schedule that was originally entered on February 15, 2007.

Respectfully submitted,

**CLARK, HUNT & EMBRY**

/s/ Steven M. Taylor
_____
William J. Hunt (244720)
Steven M. Taylor (657829)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

**CERTIFICATE OF SERVICE**

  I hereby certify that a true copy of the within document was served upon the defendant, Arthur Orfanos, by first-class mail this 25th day of August 2008.

*/s/ Steven M. Taylor*
_____
Steven M. Taylor